RINK YOUNG and HENRY ANDERSON v. THE STATE.

No. 5692. Decided February 25, 1920.

**Theft of Automobile—Suspended—Sentence—Conversation—Evidence.**

Where, upon trial of theft of an automobile, it appeared that one of the defendants was already under a two-year suspended sentence, there was no error in permitting the district attorney to ask about a certain conversation had by defendants with the alleged owner shortly after the auto had been stolen, in which they offered to pay him, and one of them stated as his reason that he did not want to go to the penitentiary for an additional term to the suspended sentence, etc., besides, the bill of exceptions was defective.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson, judge.

Appeal from a conviction of theft of an automobile; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley*, Assistant Attorney General, for the State.—On question of declaration of defendants: Langsford v. State, 17 Texas Crim. App., 451; Boykin v. State, 59 Texas Crim. Rep., 267; Brown v. State, 76 id., 316.

DAVIDSON, PRESIDING JUDGE.—Appellants were convicted of theft of an automobile, their punishment being assessed at five years each in the State penitentiary.

The record contains but one bill of exceptions. It shows the following proceedings occurred. This question was asked a witness for the State by the district attorney: ''What if anything was said by them about a suspended sentence?'' Defendants objected to the question as being suggestive and leading, and has nothing to do with the case, and as attempting to put in issue the character of the defendants. ''The Court: 'I don't know what it is.' ''Defendants: 'Object to anything about suspended sentence. I don't think it is proper, and I ask that the jury be withdrawn for the present.' The State: 'I will tell the court what it is.' '' The bill recites that the prosecuting attorney, out of the hearing of the jury, informed the court what he expected to prove, but it is not stated in the bill what the evidence was or expected to be. ''The Court: 'If that is it,— if they told him that go ahead.'' Q. 'What was said?' Defendants: 'Object to anything about a suspended sentence.' '' This was overruled and the following answer made: ''For me to get the money

the next day at Mr. Heidingsfelders, Rink Young, that fellow on the right there, said, 'Hell,' four years would kill him to be in the penitentiary, and that Anderson said to me—Q. What did he mean about four years? A. He said he already was on a two year suspended sentence. The Defense: Object to that as a conclusion of the witness. The Court: You have got your bill.'' This is the bill of exceptions.

The fact that Young was already under a two years suspended sentence was not a conclusion as contended by appellants in their objection to that answer. What the conversation was outside of that narrated is not shown by the bill of exceptions. The statement of facts, if we refer to the evidence, shows that after the auto had been stolen these defendants approached the alleged owner and offered to pay him for the car if he would meet them the following morning at a specified hour at Mr. Heidingsfelder's office, and in that conversation one of them stated as his reason that he did not want to go to the penitentiary for an additional term to the suspended sentence, or for the two terms combined, whatever might be the conviction under this indictment. It was a part of the conversation and statement by one of the defendants which might be held as an admission of the auto theft and an offer to pay for the car in order to avoid going to the penitentiary. We are of opinion the manner in which it was presented, it being a part of the conversation brought about by the defendants, that it was introducible; but the bill does not show any error with reference to the objection stated to the introduction of it as being a conclusion.

The judgment we think ought to be affirmed and it is so ordered.

*Affirmed.*